Moore v. Stadden.

### KELLOGG, TREASURER, v. GRAHAM.

Costs ordered to be paid by a party on obtaining leave to amend his pleadings, should not be afterwards taxed and included in the final judgment—if they have been, and paid, the court will order a retaxation, and they may be recovered back.

Costs ordered to be paid in the progress of a cause, are to be collected by process of attachment, not by judgment and execution at the will of the clerk.

*S. J. Andrews* moved the court for a retaxation of costs in this case. The clerk, in taxing costs after judgment, included in the bill $23.20 costs, accrued between the filing of the pleas, and the filing of the amended pleas. It appeared that at August term, 1826, the defendant had leave to amend his pleas, upon paying all costs, since filing the defective pleas. He filed his amended pleas, and **88]** *the above costs were taxed against him. They were afterwards taxed again, and included in the judgment.

*Card*, contra.

---

## LICKING COUNTY, SEPTEMBER TERM, 1832.

### JUDGES—LANE AND WRIGHT.

---

### MOORE v. STADDEN AND OTHERS.

Sealed note—payment.

Work done for the payee of a note by the payer, under an agreement to apply the proceeds to discharge the note, *is a payment* for so much, unless by some subsequent agreement it has been determined to apply them otherwise.

DEBT on a sealed note, dated the 4th day of November, 1815, for $592.27, given by the defendants to S. H. Smith, or order, payable one day after date. Plea—that the note was endorsed to the plaintiff, after it fell due, and of payment to the payee, on which issue was joined.

90

Lovet v. Price.

*Browning* and *T. Ewing* for the plaintiff.

*Mathiot* and *S. W. Culbertson*, for the defendants.

LANE, J. to the jury.   The defence in this case is, that Stadden performed work and labor for Smith, while he held the note, which, by agreement, was to be applied to the payment of it.   If you find the fact to be, that the work was done, under such agreement, it is a payment, unless the parties afterwards agreed to apply the amount to some other account.   In the latter case, the debt remains, notwithstanding the first agreement to apply the labor to pay the note.

Verdict for the defendant.   Motion for a new trial overruled, and judgment.

---

*LOVET v. PRICE.                              [89